**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YASNIEL DELGADO GUTIERREZ,

Petitioner,

v.

Case No. 2:26-cv-03193-MIS-DLM

WARDEN, in his official capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Yasniel Delgado Gutierrez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 25, 2026. Petitioner is a citizen of Cuba who entered the United States at the Nogales, Arizona Point of Entry on November 30, 2023, using the CBP 1 App. Resp. at 1, ECF No. 6. He was released on parole for one year. Pet. at 6. When his parole expired, an Immigration Judge permitted Petitioner to apply for lawful permanent residency. Id. Thereafter, Petitioner filed an application for lawful permanent residency, which remains pending. Id. Petitioner has a social security card,

a work permit, and a driver's license—all valid until 2030. Id. He always pays his taxes and has no criminal record. Id. at 6-7.

Nevertheless, on September 2, 2026, Petitioner was taken into the custody of U.S. Immigration and Customs Enforcement ("ICE"). See Resp. at 1. It appears that he has been detained ever since, and he is currently detained at the Otero County Processing Center in Chapparal, New Mexico. Pet. at 1.

On September 25, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus. ECF No. 1. The same day, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

On October 9, 2026, the federal Respondents[1] filed a "Response to [the] Petition." ECF No. 6. Therein, they state—without evidence—that Petitioner was arrested on June 15, 2026, by Texas authorities for "Theft of Petroleum Production or Oil/Gas Equipment Less than $10,000, a third-degree felony pursuant to §31.19." Id. at 1. They further state that the case is still pending and that he was released to ICE custody on an immigration detainer. Id. As to the merits of the Petition, they state:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

> seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1 (citing Santillan Quiroz, 180 F.4th at 1251 n.13).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of the Immigration and Nationality Act ("INA").

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case.

Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates the INA, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release.[2] See generally Resp.,

[2] Respondents do not argue that Petitioner's alleged arrest in Texas provides a legitimate reason to keep him detained. In any event, without evidence of Petitioner's alleged arrest and/or the factual circumstances surrounding the alleged arrest, the Court cannot find that Respondents have presented a legitimate interest in his continued detention.

ECF No. 6. The Court further orders that Respondents shall not re-detain Petitioner without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

**IV. Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Yasniel Delgado Gutierrez from custody/detention without restraints beyond those that existed before his unlawful detention;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE